I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 8-26-08

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 26 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| TYRIN J. WORMLEY,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. EDCV 08-1066-SVW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

Petitioner, a California state prisoner, filed a petition for writ of habeas corpus on July 21, 2008 in the United States District Court for the Eastern District of California. It was transferred to this district on August 6, 2008. On August 11, 2008, the petition was dismissed with leave to amend because, among other reasons, it failed to identify the convictions being challenged, made outlandish and delusional claims, did not provide a state appellate history, and named an improper Respondent.

On August 20, 2008, Petitioner filed a first amended petition, with the assertion that he was alleging a civil rights complaint. However, the document appears to be both a challenge to an underlying state criminal conviction as well as a allegation of brutality

against guards at the Tehachapi State Prison in Kern County. However, no guards are named and Plaintiff has failed to file the appropriate documents to proceed without prepayment of filing fees. See 28 U.S.C. § 1915.

To the extent that Petitioner is attempting to file a civil rights complaint pursuant to 42 U.S.C. § 1983, he has filed it in the wrong district. The federal venue statute requires that a civil action not based on diversity be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

The events complained of in this complaint all apparently occurred at the CCI facility in Tehachapi, California (Kern County) which is located in the Eastern District of California. It is apparent that any defendant in this case would be an employee at CCI. It can therefore be assumed that they all reside in the Eastern District of California. Thus, venue of any civil rights action lies in the Eastern District of California.

Because Petitioner has not been granted leave to proceed without prepayment of filing fees and has not properly alleged a civil rights action against any defendant, the Court shall dismiss that aspect of the petition without prejudice to his filing a new cause of action in the Eastern District of California.

To the extent that Petitioner is still attempting to file a habeas corpus petition, the petition remains defective and suffers from the following deficiencies:

- The petition form does not clearly set forth any cognizable claim for relief or the facts supporting any claim(s);
- The petition is not coherent, and makes outlandish and delusional claims; and
- The petition names an improper Respondent.

Based on the above-noted deficiencies, the petition is DISMISSED with leave to amend. Petitioner may file a "Second Amended Petition" not later than 30 days from the date of this order. To that end, the Clerk is instructed to send to petitioner with this order a copy of the latest version of form Civ 69 - Petition for Writ of Habeas Corpus by a Person in State Custody, pen-changed to reflect "Second Amended" Petition.  Petitioner is advised that no attachments may accompany the Second Amended Petition except for a SINGLE page inserted behind page 6 of the form, if required. The Second Amended Petition must be limited to a challenge to the underlying criminal conviction and must not allege civil rights violations against corrections officers not located in the Central District of California. **Petitioner is further advised that if he fails to file a Second Amended Petition in accordance with the requirements of this order, the action will be subject to dismissal without further notice.**

Dated: August 26, 2008

_____
Marc L. Goldman
United States Magistrate Judge